# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| HOLLY KOVACIC<br>28239 Detroit Road<br>Westlake, Ohio 44145<br><br>　　　　Plaintiff,<br><br>v.<br><br>ARAMARK CORRECTIONAL<br>SERVICES, LLC<br>CT Corporation System<br>1300 East Ninth St.<br>Cleveland, Ohio 44114<br><br>and<br><br>WARDEN CHARMAINE BRACY<br>2675 E. 30th St.<br>Cleveland, Ohio 44115<br><br>and<br><br>BRANDON KOHLER<br>16718 Pilgrim Avenue<br>Cleveland, Ohio 44111<br><br>and<br><br>ASSISTANT OT THE WARDEN<br>SHARON LUKE<br>2675 E. 30th St.<br>Cleveland, Ohio 44115<br><br>and<br><br>DEPUTY WARDEN MAJOR BRIAN<br>EVANS<br>2675 E. 30th St.<br>Cleveland, Ohio 44115<br><br>and | CASE NO:<br><br>JUDGE<br><br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

|  |  |
|---|---|
| CORRECTIONS OFFICER INVESTIGATOR L. BROWNLEE<br>2675 E. 30th St.<br>Cleveland, Ohio 44115 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| and | ) |
| CORRECTIONS OFFICER MAJOR GRANT<br>2675 E. 30th St.<br>Cleveland, Ohio 44115 | )<br>)<br>)<br>)<br>) |
| and | ) |
| JOHN DOES 1-10<br>Northeast Reintegration Center employees, staff, and agents whose names and addresses are currently unknown to Plaintiff | )<br>)<br>)<br>)<br>)<br>) |
| and | ) |
| JOHN DOES 11-20<br>Aramark employees, staff, and agents whose names and addresses are currently unknown to Plaintiff | )<br>)<br>)<br>) |

        Defendants.

## PARTIES AND JURISDICTION

1. From approximately November 2018 through March 2021, Plaintiff Holly Kovacic, was an individual incarcerated at Northeast Reintegration Center (hereinafter "NERC").

2. Defendant Aramark Correctional Services, LLC ("Aramark") is a Delaware limited liability company registered with the Ohio Secretary of State as a foreign limited liability but licensed to do business in Ohio. Defendant Aramark is a legal person under 42 USC 1983

and at all times relevant to this case acted under color of state law.

3. Defendant Aramark regularly transacts business in Ohio, including maintaining a contract with the State of Ohio and NERC to regularly provide food services at NERC in the City of Cleveland, the Cuyahoga County, and the State of Ohio out of which this Complaint arises, and Aramark has caused a tortious injury to occur in this county due to its acts and omissions. Plaintiff has brought this action against Defendant both in an individual and official capacity.

4. Defendant Warden Charmaine Bracy (hereinafter "Bracy") is the Warden at NERC and was the Warden at all applicable times herein. Defendant Bracy is a person under 42 USC 1983 and at all times relevant to this case acted under the color of state law. Plaintiff has brought this action against Defendant both in an individual and official capacity.

5. Defendant Brandon Kohler was an employee of Aramark and/or an employee for Defendant NERC at all times relevant. Defendant Brandon Kohler is a person under 42 USC 1983 and at all times relevant to this case acted under the color of state law. Plaintiff has brought this action against Defendant both in an individual and official capacity.

6. Defendant Assistant to the Warden Sharon Luke (hereinafter "Sharon Luke") is the Assistant to the Warden at NERC and was the Assistant at all applicable times herein. Defendant Sharon Luke is a person under 42 USC 1983 and at all times relevant to this case acted under the color of state law. Plaintiff has brought this action against Defendant both in an individual and official capacity.

7. Defendant Deputy Warden Major Brian Evans (hereinafter "Evans") is the Deputy Warden at NERC and was the Deputy Warden at all applicable times herein. Defendant Evans is a person under 42 USC 1983 and at all times relevant to this case acted under the color of state law. Plaintiff has brought this action against Defendant both in an individual and

official capacity.

8. Defendant Corrections Officer/Investigator L. Brownlee (hereinafter "Brownlee") is a Corrections Officer/Investigator at NERC and was the Corrections Officer/Investigator at all applicable times herein. Defendant Brownlee is a person under 42 USC 1983 and at all times relevant to this case acted under the color of state law. Plaintiff has brought this action against Defendant both in an individual and official capacity.

9. Defendant Corrections Officer Major Grant (hereinafter "Grant") is a Supervising and/or senior Corrections Officer at NERC and was the Supervising and/or senior Corrections Officer at all applicable times herein. Defendant Grant is a person under 42 USC 1983 and at all times relevant to this case acted under the color of state law. Plaintiff has brought this action against Defendant both in an individual and official capacity.

10. Defendants John Does 1-10, whose names and addresses cannot reasonably be ascertained at this time, were employees, agents, staff, and/or supervisors at the State of Ohio and/or Northeast Reintegration Center at all applicable times herein. Defendants John Does 1-10 are persons under 42 USC 1983 and at all times relevant to this case acted under the color of state law. Plaintiff has brought this action against Defendants both in an individual and official capacity.

11. Defendants John Does 11-20, whose names and addresses cannot reasonably be ascertained at this time, were employees, agents, staff, and/or supervisors at Aramark at all applicable times herein. Defendants John Does 11-20 are persons under 42 USC 1983 and at all times relevant to this case acted under the color of state law. Plaintiff has brought this action against Defendants both in an individual and official capacity.

12. Plaintiff has asserted claims including but not limited to claims under the Civil

Rights Act of 1871, 42 USC 1983. This Court has jurisdiction to hear this claim under 28 USC 1367. Venue is proper in this division.

## **COUNT I**

13. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the Complaint thus far.

14. Plaintiff alleges an action pursuant to Eighth and Fourteenth Amendments against Defendants.

15. On several occasions while Plaintiff, Holly Kovacic was incarcerated at NERC through the month of March 2021, Defendant Brandon Kohler, while acting under color of law, acted with deliberate, callous, and unreasonable indifference to Plaintiff Holly Kovacic's constitutional rights by abusing, engaging in sexual misconduct and/or sexually assaulting Plaintiff Holly Kovacic while she was an inmate at NERC.

16. Defendant Brandon Kohler deprived Plaintiff of the rights, privileges and immunities secured by the Eighth and Fourteenth Amendments of the U.S. Constitution, including but not limited to, the right to be free from cruel and unusual punishment, the right to be protected from serious harm, and the right to life, liberty, or property with due process of law.

17. As a direct and proximate result of the actions and omissions of the Defendant Brandon Kohler, Plaintiff Holly Kovacic's Eighth and Fourteenth Amendment Rights were violated, and Plaintiff suffered physical injury, endured pain, suffering, mental anguish, and severe emotional distress which she continues to suffer from to this day as set forth throughout this Complaint. Plaintiff further states that her injuries are both temporary and permanent in nature, and that she has suffered a diminished enjoyment of life. Plaintiff has incurred medical

expenses in the past and will incur additional medical and/or hospital expenses in the future. Plaintiff has past and future economic and non-economic damages.

## COUNT II

18. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the Complaint thus far.

19. Upon further information and belief, Defendants Aramark, Kohler, Bracy, Luke, Evans, Brownlee, Grant, John Does 1-10, and/or John Does 11-20, was/were negligent, careless, reckless, wanton and/or willful while acting under color of law, acted with deliberate, callous, and unreasonable indifference to Plaintiff Holly Kovacic's constitutional rights by causing and/or allowing Plaintiff Holly Kovacic to be sexually assaulted and abused by Defendant Brandon Kohler. Defendants showed deliberate, callous, and unreasonable indifference to Plaintiff Holly Kovacic's constitutional rights in the following ways:

   a. Failing to properly staff Holly Kovacic's prison unit;

   b. Failing to monitor Holly Kovacic's prison unit;

   c. Ignoring complaints of Brandon Kohler's sexual involvement, sexual assault and/or abuse of inmates and/or other individuals;

   d. Failing to remove Brandon Kohler from Holly Kovacic's prison unit upon the opening of an investigation into allegations of Kohler's misconduct and/or sexual assault and/or abuse of inmates and instead wrongfully punished/retaliated against the victim Plaintiff Holly Kovacic by placing Plaintiff in solitary confinement and depriving her personal effects;

  e. Failing to terminate Brandon Kohler's employment and/or place him on administrative leave upon being put on notice of sexual assault and abuse allegations against him;

  f. Failing to provide protection to Plaintiff from a clear danger;

  g. Knew or should have known that there was a problem with sexual assaults and/or abuse of prisoners and/or others at NERC, but failed to provide protection to inmates such as Plaintiff Holly Kovacic;

  h. Retaliated against Plaintiff Holly Kovacic after she reported abuse in violation of prison rules and/or the Prisoner Rape Elimination Act (PREA);

  i. Making it a custom or practice to not adequately or inadequately supervise, investigate, discipline and/ prevent employees of Aramark and/or NERC from engaging in sexual harassment, sexual abuse and/or sexual assault against inmates;

  j. Making it a custom of failing to adequately train on or enforce the applicable process and procedures set forth by the Ohio Department of Corrections;

  k. In other manners to be determined through discovery.

20. Defendants deprived Plaintiff of the rights, privileges and immunities secured by the Eighth and Fourteenth Amendments of the U.S. Constitution, including but not limited to, the right to be free from cruel and unusual punishment, the right to be protected from serious harm, and the right to life, liberty, or property with due process of law.

21. A custom and practice of sexual abuse and sexual assault of female inmates, such as Plaintiff, and a custom and practice of inaction was permitted and even encouraged at NERC by Defendants.

22. This custom and practice of allowing sexual assaults of female inmates was a longtime practice, known by, and accepted by Defendants.

23. All of Defendants' actions were intended, grossly negligent, and/or arose to a reckless or callous indifference.

24. As a direct and proximate result of the actions and omissions of the Defendants, Plaintiff Holly Kovacic's Eighth and Fourteenth Amendment Rights were violated, and Plaintiff suffered serious temporary and permanent injuries as set forth in this Complaint.

### **COUNT III**

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the Complaint thus far.

26. At all times relevant, Defendant Brandon Kohler and/or Defendants John Does 11-20 were employees and/or agents of Defendant Aramark.

27. On information and belief, Defendant Brandon Kohler began or initiate his inappropriate relationship and/or contact with Plaintiff Holly Kovacic while Defendant supervised Plaintiff in the kitchen and while an employee of Defendant Aramark.

28. Defendant Aramark is responsible for the negligence and/or other tortious or wrongful conduct if its employees and/or agents under the doctrine of respondeat superior.

29. Defendant Aramark, by and through its employees and/or agents, negligently, carelessly and/or recklessly failed to hire, supervise and/or terminate employees who engaged in inappropriate relationships with prison inmates such as Defendant Brandon Kohler.

30. On information and belief, Defendant Aramark, through its employees and/or agents, knew or should have know that Defendant Brandon Kohler had an inappropriate contact with prison inmates such as Plaintiff.

31. As a directly and proximate result, Plaintiff Holly Kovacic suffered serious temporary and permanent injuries as set forth in this complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for compensatory damages against each Defendant, their employees and/or agents, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with attorney fees, the costs of this action and all other relief which this Court deems equitable and just.

    Respectfully submitted,

    */s/ Michael D. Goldstein*
    MICHAEL D. GOLDSTEIN (0075661)
    KYLE L. CRANE (0065167A)
    BRANDON J. HARRIS (0098961)
    GOLDSTEIN & GOLDSTEIN CO., LLC
    25550 Chagrin Blvd., Suite 240
    Beachwood OH 44122
    P: 216-241-6677; F: 216-241-3748
    Michael@GnGlawyers.com
    Kyle@GnGlawyers.com
    Brandon@GnGlawyers.com
    Attorneys for Plaintiff

## JURY DEMAND

A Trial by jury before the maximum number of jurors allowed by law is hereby demanded to try all disputed issues of fact between the parties hereto.

> */s/ Michael D. Goldstein*
> MICHAEL D. GOLDSTEIN (0075661)