UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HOLLY KOVACIC, | ) | CASE NO. 1:21-cv-02042 |
| | ) | |
| | ) | JUDGE DAVID A. RUIZ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ARAMARK CORRECTIONAL | ) | **MEMORANDUM OPINION & ORDER** |
| SERVICES, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On October 28, 2021, Plaintiff Holly Kovacic, a former inmate of the Northeast

Reintegration Center (NERC) represented by counsel, filed a civil rights complaint pursuant to

42 U.S.C. § 1983 against numerous defendants seeking monetary damages for alleged violations

of her constitutional rights. Plaintiff named as Defendants Aramark Correctional Services, LLC,

Warden of NERC Charmaine Bracy, Assistant to the Warden Sharon Luke, Deputy Warden

Brian Evans, Corrections Officer Lloyd Brownlee, Corrections Officer Grant, and finally

Brandon Kohler, who Plaintiff alleges was an employee of either Aramark or NERC.[1] (R. 1,

PageID# 2-4).

Count One indicates "Plaintiff alleges an action pursuant to Eighth and Fourteenth

---

[1] The complaint also names ten John Doe Defendants identified only as employees of NERC and
another ten John Doe Defendants identified only as employees of Aramark. (R. 1, PageID# 4).

Amendments against Defendants," but the Count only alleges misconduct by Defendant Kohler, who was allegedly acting "under color of law." (R. 1, PageID# 5). Count Two alleges a cause of action pursuant to the Eighth and Fourteenth Amendments against all Defendants alleging they were "negligent, careless, reckless, wanton and/or willful while acting under color of law, acted with deliberate, callous, and unreasonable indifference to Plaintiff Holly Kovacic's constitutional rights by causing and/or allowing Plaintiff Holly Kovacic to be sexually assaulted and abused by Defendant Brandon Kohler." *Id*. at PageID# 6. Plaintiff asserts these acts of sexual misconduct by Kohler occurred on several occasions while she was incarcerated "through the month of March 2021." *Id*. at PageID# 5, ¶15. Count Three appears to raise a cause of action against Defendant Aramark only for negligent/reckless hiring of Defendant Kohler and/or failure to supervise/terminate. *Id* at PageID# 8-9. Plaintiff, however, dismissed the claims against Defendant Aramark with prejudice on July 20, 2022. (R. 23, PageID# 114). Therefore, Count Three is now moot.

In addition, it is undisputed that—before filing this federal action—Plaintiff filed a complaint in the Ohio Court of Claims against the State of Ohio, the Ohio Department Rehabilitation and Corrections, and numerous John Does on October 27, 2021, the day before filing the present action. (R. 13-1, PageID# 53; R. 17, PageID# 64). As in this case, Plaintiff's causes of action in the Court of Claims case stemmed from the assertion that Kohler sexually assaulted and abused her on several occasions while she was incarcerated through March 2021. (R. 13-1, PageID# 53). Plaintiff maintains she dismissed the Court of Claims action pursuant to Ohio Civ. R. 41(A) on November 12, 2021. (R. 17, PageID# 65).

The remaining Defendants[2] have moved to dismiss Plaintiff's Complaint for failure to state a claim. (R. 13). Defendants asserts that "Plaintiff's claims against the moving defendants and any defendant alleged to have acted under the color of Ohio law should be dismissed in their entirety" as they are precluded due to Plaintiff's decision to first file suit in the Ohio Court of Claims. *Id*. at PageID# 45-46. Alternatively, Defendants move the Court to dismiss the official capacity claims against them, asserting they are immune under the Eleventh Amendment to the United States Constitution.[3] *Id*. Plaintiff opposed the motion (R. 17), and Defendants filed a reply in support. (R. 20).

## I. Federal Rule of Civil Procedure 12(b)(6) Standard

When ruling upon a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), a court must accept as true all the factual allegations contained in the complaint. *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *accord Streater v. Cox*, 336 Fed. App'x 470, 474 (6th Cir. 2009). Nonetheless, a court need not accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.] Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at

---

[2] The lone remaining Defendant who did not join the motion, aside from the John Doe Defendants, was Corrections Officer Grant. However, there is no indication Corrections Officer Grant was served with the Complaint, and the docket does not reflect that he or she has entered an appearance.

[3] For the reasons explained below, Plaintiff has waived her claims against all Defendants. Therefore, the Court need not address Defendants' alternative argument that they are immune under the Eleventh Amendment.

555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557, 127 S.Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

## II. Analysis

### A. Suit Barred under the *Leaman* Doctrine

The moving Defendants assert that Plaintiff's claims against them, as well as against any defendant alleged to have acted under the color of Ohio law, should be dismissed in their entirety. (R. 13, PageID# 44). Specifically, Defendants allege that Plaintiff waived her right to bring this action against *any* defendant acting under the color of Ohio law when she filed her Court of Claims action. *Id*. at PageID# 44-45 (citing *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities,* 825 F.2d 946 (6th Cir. 1987) (en banc), *cert denied* 487 U.S. 1204 (1988)).

As explained in *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998), the Ohio General Assembly enacted the Ohio Court of Claims Act in 1975, which governs Ohio's waiver of sovereign immunity and consent to be sued in the Ohio Court of

Claims. Ohio Revised Code (O.R.C.) § 2743.01–.72 (OCCA). It is "well-established that a federal court cannot entertain a lawsuit against state officials for violations of state law unless the state has waived its immunity under the Eleventh Amendment…. Ohio has not waived that immunity…. A plaintiff however, may sue state officials for monetary damages in their individual capacities under § 1983 without running afoul of the Eleventh Amendment." *Turker*, 157 F.3d at 457 (citations omitted).

Under O.R.C. § 2743.02(A)(1), "[e]xcept in the case of a civil action filed by the state, filing a civil action in the court of claims results in a *complete waiver of any cause of action*, based on the same act or omission, which the filing party has against any state officer or employee." (emphasis added).[4]  In *Leaman*, the plaintiff challenged the district court's holding that, by electing to sue the department in the Ohio Court of Claims, the plaintiff had voluntarily waived her cause of action against the individual defendants. 825 F.2d at 948. The *Leaman* plaintiff argued that the application of this waiver provision of the OCCA "thwarted the broad remedial purpose underlying 42 U.S.C. Section 1983," and was, therefore, invalid under the Supremacy Clause of the United States Constitution. 825 F.2d at 953. The *Leaman* court disagreed, finding as follows:

> In no way does the Ohio statute shut the doors of the federal courts on claimants who are unwilling to forego suit there. It does not deprive claimants of their federal forum. The Ohio statute simply offers to make available an otherwise

---

[4]  Although the statute provides, "The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner[.]" Ohio Rev. Code Ann. § 2743.02(A)(1), "only the Ohio Court of Claims may make that determination." *Fischer v. Kent State Univ.*, 459 F. App'x 508, 510 (6th Cir. 2012) *(citing Turker,* 157 F.3d at 458; *Kajfasz v. Haviland,* 55 Fed.Appx. 719, 722 (6th Cir.2003)). Here, Plaintiff does not raise such an argument and the record does not reflect such a finding.

5

unavailable deep-pocket defendant, and an alternative forum, if prospective plaintiffs who think they have claims against individual state employees voluntarily elect to waive suit against the employees in favor of suit against the employer.

"The law is clear that ... under the eleventh amendment, [states] are immune from [§ 1983] action[s] for damages or injunctive relief in federal court," *Abick v. State of Michigan*, 803 F.2d 874, 876 (6th Cir. 1986), and the Constitution does not require the State of Ohio to offer any waiver of its sovereign immunity. *Cf. Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). We see nothing inconsistent with § 1983 in the offer the state has made in its Court of Claims Act. The Ohio statute gives claimants an option not otherwise available to them, and any claimant who does not like the statutory option is perfectly free to reject it and prosecute a § 1983 action against the state's officials just as if the Court of Claims Act had never been passed. Such an action may be maintained either in federal court or in an Ohio court of common pleas, without any necessity of filing an action in the Court of Claims.

*Leaman*, 825 F.2d at 953. As explained by a later decision of the Sixth Circuit Court of Appeals, "our circuit interpreted the [OCCA] as establishing a *quid pro quo*, in which the state consents to be sued in exchange for a plaintiff's waiver of claims against the state's employees." *Thomson v. Harmony*, 65 F.3d 1314, 1318 (6th Cir. 1995); *accord Khatri v. Ohio State Univ.*, 2020 WL 534023, at *4 (N.D. Ohio Jan. 17, 2020) ("[I]f a plaintiff files suit in the Ohio Court of Claims, he waives the right to file a federal cause of action based upon those same acts.") (Limbert, M.J.), *report and recommendation adopted,* 2020 WL 533040 (N.D. Ohio Feb. 3, 2020) (Adams, J.).

### 1. Waiver Must Be Knowing, Intelligent, and Voluntary

The Sixth Circuit "has implicitly required waiver of a claim pursuant to § 2743.02(A)(1) to be knowing, intelligent, and voluntary." *Kajfasz v. Haviland*, 55 F. App'x 719, 721 (6th Cir. 2003). In *Leaman*, the court held that the plaintiff's knowing, intelligent, and voluntary waiver could be presumed from the fact that plaintiff was represented by competent counsel. 825 F.2d at 956. In the case at bar, Plaintiff was represented by the same counsel before the Court of Claims.

Plaintiff's brief in opposition does not suggest that her waiver was not knowing, intelligent, and voluntary, but rather that she ultimately chose to pursue her claims in federal court rather than the Court of Claims where she first filed. (R. 17, PageID# 68). Plaintiff misstates the test, however. Counsel is presumed to know the impact of filing an action in the Court of Claims. *Turker*, 157 F.3d at 459 (finding it "must presume that counsel understood the meaning of the O.C.C.A." especially in light of the fact that counsel filed after the Sixth Circuit's decisions in *Leaman* and *Thomson*). Because Plaintiff was represented by counsel, the Sixth Circuit indicates that is an adequate foundation for finding the decision to file suit in the Court of Claims was knowing, intelligent, and voluntary, and, therefore, resulted in a waiver. *See, e.g., Leaman*, 825 F.2d at 956.

As the Sixth Circuit explained in *Turker* when rejecting a similar argument, "While we are sympathetic to [plaintiff's] predicament, we cannot afford her relief." *Turker*, 157 F.3d at 458.

### 2. Acts and Omissions Stem From Same Underlying Conduct

Plaintiff also attempts to avoid the *Leaman* doctrine's waiver effect by arguing that she has "pled separate acts and omissions in her federal case that are different than those asserted in her Court of Claims case." (R. 17, PageID# 70). This argument is wholly without merit. As stated above, Plaintiff's claim in this federal action stems from the allegation that she was sexually assaulted and abused by Defendant Brandon Kohler on "several occasions" while she was incarcerated through the month of March 2021. In the Court of Claims case, Plaintiff's causes of action also stemmed from the allegation that Kohler sexually assaulted and abused her on "several occasions" while she was incarcerated "through March 2021." (R. 13-1, PageID# 53).

First, any difference in the named Defendants between the two actions is irrelevant, as the *Leaman* decision explicitly stated that "[w]here a claimant elects to sue the state in the Court of Claims … the state's employees are given an affirmative defense which the federal court has both the jurisdiction and the duty to recognize." 825 F.3d at 954. Second, both actions are predicated on the same acts or omissions. Courts have interpreted *Leaman* as holding that "neither the legal basis for the claim, nor the difference in the identity of the defendants (individuals versus the [Ohio Department of Rehabilitation and Corrections] is sufficient to escape the waiver." *Cook v. Woodard*, No. 1:17-CV-532, 2019 WL 2352923, at *3–4 (S.D. Ohio June 4, 2019), *report and recommendation adopted*, 2019 WL 4010212 (S.D. Ohio Aug. 26, 2019); *see also Khatri*, 2020 WL 534023 at *4 ("The Sixth Circuit pointed out that the statute specifically refers to an 'act or omission' rather than an 'allegation' or 'claim.'") (*citing Thomson*, 65 F.3d at 1319)).

Therefore, consistent with precedent as well as the reasoning in *Khatri*, this Court finds that "the [*Leaman*] waiver applies even if the plaintiff attempts to bring different claims as long as the underlying conduct concerns the same specified act, transaction, or occurrence." 2020 WL 534023 at *4. Here, the claims in both actions stem from the alleged sexual assault and misconduct by Defendant Kohler and the prison staff's alleged omissions in allowing the assaults to continue.

Consequently, this Court does not have the discretion to disregard Plaintiff's election to first file in the Court of Claims.

### 3. Impact of Voluntary Dismissal

Plaintiff's brief in opposition attempts to avoid the *Leaman* waiver by arguing that she dismissed the Ohio Court of Claims action voluntarily pursuant to Ohio Civ. R. 41(A), and cites

a number of state cases that hold a court is divested of jurisdiction once a claim is dismissed. (R. 17, PageID# 67). Plaintiff's argument is not relevant, as the issue before this Court is not the impact of a voluntary dismissal in Ohio courts. Rather, the issue is whether a plaintiff, who has invoked the jurisdiction of the Ohio Court of Claims, has thereby waived the ability to file a suit in federal court based on the same acts or omissions. As discussed above, the *Leaman* doctrine unambiguously has held that it does. Plaintiff points to no authority expressly finding that a voluntary dismissal operates as an exception to the *Leaman* doctrine. Instead, the weight of authority indicates that the waiver applies regardless of whether a plaintiff pursues his or her Court of Claims action to its conclusion.

As an initial matter, Ohio Revised Code section 2743.02(A)(1) states that "*filing* a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee." (emphasis added). Moreover, in *Savage v. Gee*, 665 F.3d 732, 736-738 (6th Cir. 2012), the plaintiff dismissed his Court of Claims action "after some discovery and motions." The Sixth Circuit affirmed the district court's finding that the plaintiff's federal claims were barred by the *Leaman* doctrine. *Id*. at 738. There, the Circuit Court stated "we have repeatedly held that federal damages claims against state officials are barred where claims based on the same act or omission were *previously raised* in the Court of Claims[.]" *Id*. (emphasis added). "[I]t is the act of bringing a claim in the Court of Claims, regardless of its success, that triggers the *Leaman* doctrine's complete waiver." *Harris v. Sowers*, 2022 WL 1637564, at *3 (S.D. Ohio May 24, 2022). In *Thomas v. Ohio Dep't of Rehab. & Correction,* 36 F. Supp. 2d 1005, 1008 (S.D. Ohio 1999), a plaintiff had similarly argued that a dismissal, before a decision on the merits, precluded the application of the *Leaman* doctrine. The *Thomas* decision, however, found "[t]his fact is

9

immaterial," explaining that "[t]he waiver contemplated in [O.R.C.] § 2743.02(A)(1) occurs *when a plaintiff files a case in the Court of Claims*, not when she receives a final decision on it." 36 F. Supp. 2d at 1008 (emphasis added).

Consistent with the statue and above case law, the Court finds that Plaintiff's filing suit with the Court of Claims triggered the *Leaman* waiver. Therefore, plaintiff's voluntary dismissal of the Court of Claims action has no impact on the waiver.

### 4. Employment Status of Defendant Kohler

Finally, although there appears some ambiguity as to whether Defendant Kohler was an employee of Aramark or NERC, the Complaint alleges that at all relevant times he was acting "under the color of state law." (R. 1, PageID# 3, ¶5). To the extent Defendant Kohler is not a state employee, the Court notes that the Sixth Circuit Court of Appeals has specifically found that the *Leaman* waiver still applies. "The waiver bars subsequent suit against persons in the abstract who ***could*** be categorized as state employees under the law. However, the *quid pro quo* rationale ***applies with even more force when the individual sued in federal court as a non-state employee is the selfsame employee who Plaintiff attempted to characterize as a state employee in his suit in the Court of Claims*** against the state." *Plinton v. Cty. of Summit*, 540 F.3d 459, 463 (6th Cir. 2008) (emphasis added). In the case at bar, Plaintiff alleged in the Court of Claims' complaint that "[a]t all times relevant hereto, Brandon Kohler was an employee of Defendant State of Ohio and was working as a corrections officer for Defendant NERC." (R. 13-1, PageID# 83, ¶7). Therefore, the waiver applies with respect to Defendant Kohler as well.

### III. Conclusion

For the foregoing reasons, the motion to dismiss (R. 13) is hereby GRANTED as to all

Defendants alleged to have acted under the color of law. Because all remaining Defendants, including the John Doe Defendants, are alleged to have acted under the color of state law, all remaining Defendants in this action are dismissed.

      IT IS SO ORDERED.

                                   s/ *David A. Ruiz*
                                   David A. Ruiz
                                   United States District Judge

Date: March 8, 2023

11